# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 98-60098
Summary Calendar

TONY B. JOBE, Assignee of AIR NEW ORLEANS, INC.,

Plaintiff-Appellant,

versus

ATR MARKETING, INC.; AVIONS DE TRANSPORT REGIONAL, (G.I.E.);
AEROSPATIALE, S.N.I.; FINMECCANICA S.P.A., Individually and doing
business as Alenia (a division of Finmeccanica), also known as Aeritalia S.P.A. and
the Successor in the Interest of Aeritalia; AEROSPATIALE, INC.; DEFENDNTS A-M,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:94-CV-18-PG

February 19, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Counsel for named Plaintiff-Appellant Tony Jobe appeal a ruling of the district court ordering counsel to pay $15,000 in attorneys fees to counsel for the defendants. The district court ordered this award as a form of sanctions under 28 U.S.C. § 1927, for unreasonably and vexatiously multiplying the proceedings. We affirm.

Before addressing the merits of the case, we address the issue of jurisdiction. Appellees ATR Marketing, Inc. (ATR) assert that this Court does not have jurisdiction to hear this appeal, as Jobe's counsel have failed to identify themselves as the appealing party as required by Fed.R.App.P. 3 (c). If counsel have, in fact, failed to comply with Rule 3, the appeal itself is defective, and this Court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not have jurisdiction to hear it.[2]

The notice of appeal lists Tony B. Jobe as the appellant in both the caption and the body of the document. Nowhere does the document itself explain that it is in fact Jobe's counsel who are appealing the order of sanctions. Jobe's counsel contends that the statement that the appeal is being filed for Jobe "by and through his counsel" is sufficient under the caselaw of this Circuit.[3]

The precedent cited by Jobe may be inapplicable to the case at bar. We decline ATR's invitation to review the jurisdictional question, however, as the appeal itself is plainly without merit.[4]

We review a district court's order of sanctions under §1927 for an abuse of discretion.[5] In the case at bar counsel for Jobe undertook the following actions for which the district court ordered sanctions: (1) issued a "particularized statement of discovery" which was, in fact, overly broad, unduly burdensome, and requested irrelevant information; (2) issued thirteen subpoenas duces tecum after being granted an extension of discovery for the sole purpose of conducting telephonic depositions; (3) issued fifty requests for production of documents on the last day by which discovery was to be completed; and (4) filed a motion for default judgment and to strike all of defendant's responsive pleadings which the district court found to be without basis in law or fact.

Appellants argue that under the caselaw of this Circuit, sanctions under §1927 "should be 'sparingly applied' and, only if the entire litigation was unwarranted and should never have been filed or pursued, should the Court utilize §1927 to shift the financial burden of defending the action."[6] This incomplete recitation of Fifth Circuit precedent is exactly the type of misrepresentation of law for which counsel was originally sanctioned. The case to which appellants cite actually stands for the proposition that the *entire* financial burden should be shifted only if the entire litigation was

---

[2] New York Life Ins. Co. v. Desohtel, 142 F.3d 873, 884 (5th Cir. 1998).

[3] Garcia v. Wash, 20 F.3d 608, 609-10 (5th Cir. 1994).

[4] Texas Employers' Ins. Ass'n v. Jackson, 862 F.2d 491 (5th Cir. 1988).

[5] Travelers Ins. Co. v. St. Jude Hosp. of Kenner, 38 F.3d 1414, 1416-17 (5th Cir. 1994).

[6] Appellant's Brief at p. 12, citing F.D.I.C. v. Calhoun, 34 F.3d 1291, 1297 (5th Cir. 1994)(internal citations omitted).

unwarranted.  In the case at bar, the district court refused to shift the entire financial burden and instead imposed limited sanctions of $15,000.

Appellants further argue that they were, in essence, forced to undertake unreasonable discovery procedures by false statements made under oath by representatives of the defendants.  As the district court noted in its order, this would certainly warrant "aggressive" discovery procedures, but not the vexatious and deceitful discovery practiced by counsel for Jobe.

We conclude by noting that it is the district judge who is in the best possible position to assess fairly the damage caused by this type of litigation technique, and it is for that reason that the abuse of discretion standard is in place.  Finding no abuse of discretion, we AFFIRM.